**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RHONDA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:26-cv-175-KD-N** |
| **SODEXO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

Now before the Court is Plaintiff's response (Doc# 6) to the Court's Order of July 8, 2026 (Doc# 5). Plaintiff's response has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a)-(b). See docket sheet reference notations dated 7/28/2026. The Court **NOTES** that Plaintiff timely filed her response and that Plaintiff attached copies of documents that the Court requested.

Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 as permitted by the Order of July 8, 2026 (Doc# 5). As noted in that Order, because Plaintiff has been granted IFP status, the Court is obligated to continuously assess whether Plaintiff's pleadings state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the "language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," the same legal standard applies to assessments of cases under § 1915(e)(2)(B)(ii) and Rule 12(b)(6). *Mitchell v. Farcass,*

112 F.3d 1483, 1490 (11th Cir. 1997). In general, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citations and internal quotation marks omitted).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is **plausible on its face**.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018) (bold emphasis added).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*,

556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* 589 U.S. 327, 332 (2020).

Rule 8 of the Federal Rule of Civil Procedure is also relevant. As the United States Supreme Court has explained,

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … **[T]he pleading standard Rule 8 announces** does not require detailed factual allegations, but it **demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.**

*Iqbal,* 556 U.S. at 677-78 (citations and some quotations omitted) (bold emphasis added). *See also Duty Free,* 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry,* 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

Furthermore, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

At the motion to dismiss stage, a complaint under Title VII for unlawful discrimination claim needs to "provide enough factual matter (taken as true) to suggest intentional … discrimination." *Accord Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245-46 (11th Cir. 2015) (quotation marks omitted).

Notably, Title VII does not operate as "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998). "[T]he protections of Title VII simply do not extend to everything that makes an employee unhappy." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1242 (11th Cir. 2001) (internal quotation marks omitted), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). In addition, Title VII affords no legal remedy for "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Faragher v. City*

*of Boca Rato*n, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). *See also*

*Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 837 (11th Cir. 2021) (" 'Title

VII does not prohibit profanity alone, however profane ... [nor] harassment alone,

however severe and pervasive. Instead, Title VII prohibits discrimination, including

harassment that discriminates based on a protected category such as sex.' " (quoting

*Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301-02 (11th Cir. 2007)).

Moreover, federal employment laws such as Title VII do not allow "plaintiffs

simply to litigate whether they are, in fact, good employees." *Rojas v. Fla.*, 285 F.3d

1339, 1342 (11th Cir. 2002) (per curiam). Courts "are not in the business of adjudging

whether employment decisions are prudent or fair. Instead, our sole concern is

whether unlawful discriminatory animus motivates a challenged employment

decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th

Cir. 1999). "We do not sit as a 'super-personnel department,' and it is not our role to

second-guess the wisdom of an employer's business decisions – indeed the wisdom of

them is irrelevant – as long as those decisions were not made with a discriminatory

motive." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir.

2010) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en

banc*)). "That is true '[n]o matter how medieval a firm's practices, no matter how high-

handed its decisional process, no matter how mistaken the firm's managers.' " *Id.*

(quoting *Chapman*, 229 F.3d at 1030).

Plaintiff's barebones Complaint (Doc# 1) does not pass muster under 28 U.S.C.

§ 1915(e)(2)(B)(ii) because Plaintiff has not sufficiently alleged a claim upon which

relief may be granted. Instead, Plaintiff has only alleged "employment discrimination and wrongful termination in violation of Title VII" on the basis of "race", "sex", and "national origin", premised solely on the following mere conclusory allegation: "I believe that I was discriminated against based[d] on sex/gender presentation and was unfairly discharged after being accused of conduct I deny." Complaint at 1-3 (Doc#1, PageID# 1-3). Plaintiff did not even bother to allege Plaintiff's own race, sex, or national origin in the Complaint, much less the race, sex, and national origin of the purported "individual(s) who allegedly discriminated against me during the period of my employment with" Sodexo. Complaint at 2.

When faced with a deficient complaint filed by a plaintiff who is proceeding IFP before the complaint has been served on the defendant, which is the present situation in this case, courts are to order the plaintiff to file an amended complaint to correct deficiencies.

> Because the Defendants filed no response to [plaintiff]'s claim, [plaintiff] would have been able to amend by right without seeking leave. See Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served …."). "Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15.

*Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). See also *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[B]efore dismissing a complaint, a district court 'must' give a *pro se* party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim."). Accordingly, Plaintiff will be given

an opportunity to file an amended complaint to properly state well-pleaded factual contentions that support one or more facially plausible legal claims upon which relief may be granted.

For the foregoing reasons, Plaintiff is **ORDERED** to file, **no later than AUGUST 31, 2026**, an amended complaint that addresses and cures the defects discussed above. Plaintiff's failure to do so will result in the undersigned issuing a report and recommendation that the District Judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Federal Rule of Civil Procedure 41(b), and/or the Court's inherent authority as discussed in *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Plaintiff's amended complaint must reproduce the entire complaint "as amended and may not incorporate any prior pleading by reference[,]" S.D. Ala. CivLR 15(a), and shall become the operative complaint in this action.[1]

## NOTICE TO *PRO SE* PLAINTIFF

The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is

---

[1] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his signature in order to satisfy Rule 11(a).[2] "The court must strike an unsigned paper unless the omission is promptly corrected after being

---

[2] *See Becker v. Montgomery*, 532 U.S. 757, 763-64 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority);   *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[3]

**DONE** and **ORDERED** this the 30th day of July 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders